OCT-31-2011 16:45 From:USA LEGAL INC        9517845099        To:12136079010        P.12/12

COPY

1   ANDREA M. KIMBALL (State Bar No. 196485)
    SNR DENTON US LLP
2   4520 Main Street, Suite 1100
    Kansas City, Missouri 64111-7700
3   Telephone: (816) 460-2400
    Facsimile: (816) 531-7545
4   Email:     andrea.kimball@snrdenton.com

5   MARIE LEGGON WRIGHTEN (State Bar No. 167221)
    VIRGINIA K. YOUNG (State Bar No. 174384)
6   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
7   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
8   Facsimile: (213) 623-9924
    Email:     marie.wrighten@snrdenton.com
9             virginia.young@snrdenton.com

10   Attorneys for Defendant
    WIRELESS LIFESTYLE,
11   INC.

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2011 OCT 31 PM 2:13
BY:_____
FILED

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

ED CV 11 - 01727 VAP

17   TEAUSHA COLEMAN, on behalf of herself and all others similarly situated, and on behalf of the general public,

            Plaintiff,

        vs.

    WIRELESS LIFESTYLE, INC., a Kansas Corporation, and DOES 1 through 50, inclusive,

            Defendant.

No. _____ AJWx

DEFENDANT WIRELESS LIFESTYLE, INC.'S NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453

SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 ("diversity jurisdiction"), 28 U.S.C. § 1441, 28 U.S.C. § 1446 and 28 U.S.C. § 1453, defendant Wireless Lifestyle, Inc. ("Wireless Lifestyle") hereby removes the above-captioned matter from the Superior Court of the State of California, San Bernardino County to this Court. The grounds for removal are as follows:

## I.   BACKGROUND

1.   On September 26, 2011, plaintiff Teausha Coleman ("Plaintiff") filed a civil action, on behalf of a putative California class, in the Superior Court of the State of California, San Bernardino County, entitled *Teausha Coleman, on behalf of herself and all others similarly situated, and on behalf of the general public, v. Wireless Lifestyle, Inc., a Kansas Corporation, and Does 1 through 50*, Case No. CIVDS 1111241 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), Wireless Lifestyle has attached all pleadings filed and served upon it in the state court proceedings as Exhibit A.

2.   Plaintiff alleges causes of action for: (1) failure to pay wages (in violation of California Labor Code §§ 510, 1194, California Industrial Welfare Commission ("IWC") Wage Order 7-2001); (2) failure to provide accurate, itemized wage statements (in violation of California Labor Code § 226(a), (e) and IWC Wage Order 7-2001, subdivision 7); (3) failure to timely pay wages (in violation of California Labor Code § 204); (4) failure to provide adequate seating to employees (in violation of California Labor Code § 1198 and IWC Wage Order 7-2001, subdivision 14); and (5) unfair competition (in violation of California Labor Code §2699 et. seq. and California Business & Professional Code § 17200).

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3.    Plaintiff filed this class action against defendant Wireless Lifestyle, a Kansas corporation with retail locations in California.  (Complaint ¶ 9.)

4.    The summons and complaint were served on Wireless Lifestyle on September 29, 2011.  A copy of the service of process receipt in the State Court Action is attached hereto as Exhibit B.

5.    The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction.  Based upon the allegations in the Complaint: (1) the proposed class consists of more than 100 putative class members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the exceptions to CAFA preventing removal do not apply here.

6.    Alternatively, the State Court Action is removable to this Court, and this Court has diversity jurisdiction over this action, under 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity exists, and the amount in controversy for Plaintiff's claims exceeds $75,000.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA

7.    Plaintiff alleges that this case is brought as a class action and appears to seek certification of a putative class under California Code of Civil Procedure section 382.  (Complaint ¶ 17.)  Plaintiff filed this putative class action on behalf of two putative classes.  The first class consists of "[a]ll persons who are or were employed by Defendants as commissioned sales employees with the job title of 'retail store manager' and 'retail sales associate' in the State of California from the date at least four (4) years preceding the filing of this Complaint."  (Complaint ¶ 18.)  The second class consists of "[a]ll persons who are or were employed by Defendants at a retail store in the State of California from the date at least (1) year

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

preceding the filing of this Complaint.  (Complaint ¶ 19.)  Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute of rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."

8.   CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants.  Toward that end, CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020-21 (9th Cir. 2007).   This suit satisfies all the requirements under CAFA for federal jurisdiction.

**A.   The Putative Class Exceeds 100 Members.**

9.   CAFA requires that the class consist of at least 100 persons.  28 U.S.C. § 1332(d)(5).  That requirement is met here.  Based on Wireless Lifestyle's records, Wireless Lifestyle has conducted business in the state of California for over 18 months.  During that time, it has employed over four hundred (400) people in the state of California.  (Declaration of Kimberly Rawlings ("Rawlings Dec."), ¶ 3, attached hereto as Exhibit C.)

**B.   Minimal Diversity Exists.**

10.   CAFA requires minimal diversity; that is, at least one putative class member must be a citizen of state different than one defendant.  28 U.S.C. § 1332(d)(2).  Here, the putative class contains at least one putative class member who is a citizen of the State of California, namely, plaintiff Teausha Coleman. (Complaint ¶ 6.)  Defendant Wireless Lifestyle is a citizen of Kansas because it is

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

incorporated under the laws of the State of Kansas with its principal place of business in Lenexa, Kansas.  (*See* Complaint ¶ 9; 28 U.S.C. § 1332(c)(1).)  Thus, minimal diversity exists here.  28 U.S.C. § 1332(d)(2).

### C.   The CAFA Amount-in-Controversy Requirement is Satisfied.

11.   CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

12.   When a plaintiff fails to plead a specific amount of damages and if the amount in controversy is not "facially apparent" from the complaint, "'the court may consider facts in the removal petition'" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  A defendant need only make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000.  *Singer,* 116 F.3d at 376.  The ultimate inquiry depends on what "amount [is] put in controversy by the plaintiff's complaint"— not what a defendant will actually owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  In considering whether the amount in controversy is met, courts may consider the statutory maximum penalty available under the claims asserted.  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

13.   Wireless Lifestyle denies any liability in this case and intends to vigorously oppose class certification.  For purposes of jurisdictional requirements for removal purposes only, however, Wireless Lifestyle submits the following evidence showing that the allegations in the Complaint put at controversy, in the aggregate, an amount that exceeds $5,000,000.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

14.   Based on Wireless Lifestyle's records, Wireless Lifestyle has conducted business in the state of California for over 18 months.   During that time, it has employed over four hundred (400) people in the state of California. (Rawlings Dec. ¶ 3.)  Also according to Wireless Lifestyle's records, Plaintiff began working for Wireless Lifestyle on March 17, 2011, and she has been on unpaid leave since September 16, 2011.  (*Id.* at ¶ 4.)  Between March 17, 2011 and September 16, 2011, Plaintiff worked for approximately twenty-six (26) weeks— spanning fourteen (14) separate two-week pay periods—on approximately 132 separate days (two days in her first work week and approximately five work days per week for the next 26 weeks).   In addition, Plaintiff regularly earned $1,261.54 per two-week pay period, for an average rate of $15.77 per hour.  (*Id.* at ¶ 4.)

15.   Plaintiff's first cause of action alleges that Wireless Lifestyle "had a consistent policy of failing to pay wages to Plaintiff and members of the Plaintiff Class."  (Complaint ¶ 30.)  Specifically, Plaintiff alleges that Wireless Lifestyle did not pay her for "all hourly wages" and thus forced her to "work for less than the minimum wage" or "less than one and one-half times [her] regular rate of pay for all overtime hours worked."  (Complaint ¶¶ 32, 30.)  In other words, Plaintiff appears to allege that she was not compensated for off-the-clock work she allegedly performed.  Without conceding that Plaintiff actually worked any off-the-clock hours, Plaintiff is expected to argue that she, and each member of the putative class, is entitled to at least two hours of overtime pay for each day that they worked.  Based on Wireless Lifestyle's records, the amount in controversy for Plaintiff's individual unpaid-wages claim would be $6,244.92 (two hours per day multiplied by 132 days worked multiplied by 1.5 times $15.77, Plaintiff's hourly wage).  (Rawlings Dec. ¶ 4.)  Assuming Plaintiff's allegation that "[t]he claims of the named Plaintiff are typical of the claims of the proposed Class," (Complaint ¶ 25), the amount in controversy for the unpaid-wages claim would be

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

$2,497,968.00 for the putative class as a whole.[1] *See Rippee*, 408 F. Supp. at 986 (the amount in controversy is properly evaluated based on Plaintiff's allegations regarding damages and the defendant's own employment data).

16.   Plaintiff's second cause of action alleges that Wireless Lifestyle intentionally failed to provide accurate itemized wage statements in violation of California Labor Code § 226(e).  (Complaint ¶ 34.)  Penalties of up to $4,000 per employee are available under § 226(e).  Thus, the amount in controversy for the inaccurate-wage-statement claim would be $1,600,000.00 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

17.   Plaintiff's third cause of action alleges that Wireless Lifestyle "failed to pay all wages twice during each calendar month, on days designated in advance by Defendants as regular paydays."  (Complaint ¶ 38.)  The penalty for failing to pay wages timely, in violation of California Labor Code § 204, is $100 for each employee for the first pay period when the violation existed and $200 for each employee for each subsequent pay period when the violation existed. Cal. Labor Code § 210(a); Private Attorney General Act ("PAGA"), California Labor Code § 2699(f)(2); *see also Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572, 602-03 (Cal. Ct. App. 2008) (explaining that, under PAGA, a plaintiff may recover penalties for violations of Cal. Labor Code § 204).  Without conceding that Wireless Lifestyle failed to pay wages on a timely basis, the amount in controversy for Plaintiff's untimely wages claim would be $2,700.00 ($100 for the violation in Plaintiff's first pay period, and $200 for each violation in Plaintiff's 13 subsequent pay periods).  Assuming Plaintiff's allegation that "[t]he claims of the named Plaintiff are typical of the claims of the proposed Class," (Complaint ¶ 25), the amount in controversy for the untimely wages claim would be $1,080,000.00 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

---

[1] This figure represents a conservative estimate because the amount-in-controversy for some members of the class might also include a commissions component.

18.   Plaintiff's fourth cause of action alleges that Wireless Lifestyle "failed to provide suitable seats to its current and former employees in its California retail stores," in violation of California Labor Code § 1198 and IWC Wage Order 7-2001, subdivision 14.  (Complaint ¶¶ 41, 42.)  The penalty for failing to provide adequate seating is $100 for each employee for the first pay period when the violation existed and $200 for each employee for each subsequent pay period when the violation existed. *Bright v. 99¢ Only Stores*, 188 Cal. Rptr. 3d 723, 729-30 (Cal. Ct. App. 2011) (holding that the penalties under Cal. Labor Code 2699(f) are available for a failure to provide adequate seating).  Without conceding that Wireless Lifestyle failed to provide adequate seating, the amount in controversy for Plaintiff's seating claim would be $2,700.00 ($100 for the violation in Plaintiff's first pay period, and $200 for each violation in Plaintiff's 13 subsequent pay periods).  Assuming Plaintiff's allegation that "[t]he claims of the named Plaintiff are typical of the claims of the proposed Class," (Complaint ¶ 25), the amount in controversy for the seating claim would be $1,080,000.00 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

19.   In addition, attorneys' fees are included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy.").  Here, with the exception of Plaintiff's third claim, under California Business and Professions Code § 17200, all of her alleged claims allow for the recovery of attorneys' fees.  In a successful wage and hour class action involving a putative class of several hundred members, such attorneys' fees often exceed $760,000.00.

20.   Finally, Plaintiff seeks injunctive relief on all of her claims.  (Complaint, Relief Requested ¶ 4.)  In determining the amount in controversy under CAFA, the Court may consider the aggregate cost to the defendant of the injunctive relief sought by the class. *Berry v. American Express Pub'g, Corp.*, 381

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

F. Supp. 2d 1118, 1123 (C.D. Cal. 2005), *abrogated on other grounds by Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

21. Accordingly, the amount in controversy for the putative class as a whole includes at least $2,497,968.00 for the unpaid-wages claim; at least $1,600,000.00 for the inaccurate-wage-statement claim; at least $1,080,000.00 for the untimely wage claim; at least $1,080,000.00 for the seating claim; approximately $760,000.00 for attorneys' fees; and injunctive relief.  In sum, the total amount in controversy for the putative class as a whole is at least $7,017,968.00.   For the foregoing reasons, it is more likely than not that the amount in controversy easily exceeds $5,000,000.[2]

22. Moreover, the exceptions to CAFA preventing removal do not apply here.

## III.   THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.

23. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which: (1) complete diversity exists between all plaintiffs and all defendants, and (2) the amount in controversy exceeds $75,000.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

### A.   Complete Diversity of Citizenship Exists.

24. Complete diversity of citizenship requires that no single plaintiff be a citizen of the same state as any single defendant. *Id.*  In a putative class-action suit, the court looks only to the citizenship of the named plaintiffs.  *Snyder v. Harris Gas Serv. Co.*, 394 U.S. 332, 340 (1969). Here, Plaintiff is a resident of San Bernardino County, California. (Complaint ¶ 6.)  Wireless Lifestyle is a citizen of

---

[2] Because the named plaintiff, Coleman, only worked for Wireless Lifestyle for approximately six months, the claimed damages will likely be substantially greater on a pro rata approximate basis for the other class members, because Wireless Lifestyle has conducted business in California for at least 18 months.  In addition, as noted *supra* Note 1, the unpaid-wages claim for some class members may involve an additional commissions component.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Kansas in that it is incorporated under the laws of Kansas and has its principal place of business in Lenexa, Kansas. (*See* Complaint ¶ 9; 28 U.S.C. §1332(c)(1).) Accordingly, complete diversity exists in this case.

**B.     The Amount-in-Controversy Requirement is Satisfied.**

25.    Wireless Lifestyle denies any liability in this case and intends to vigorously oppose class certification.  As detailed above, however, for purposes of jurisdictional requirements for removal purposes only, the amount in controversy for Plaintiff's first cause of action, for unpaid wages, would be approximately $6,244.92; the amount in controversy for Plaintiff's second cause of action, for inaccurate wage statements, would be approximately $1,350.00 ($50 for the violation in Plaintiff's first pay period, and $100 for each violation in Plaintiff's 13 subsequent pay periods); the amount in controversy for Plaintiff's third cause of action, for untimely wage payments, would be approximately $2,700.00; and the amount in controversy for Plaintiff's fourth cause of action, for inadequate seating, would be approximately $2,700.00.  Additionally, in a single plaintiff's successful wage and hour action, attorneys' fees often exceed $80,000.00.

26.    Accordingly, the amount in controversy for the Martinez's individual claims includes at least $6,244.92 for the unpaid-wages claim; at least $1,350.00 for the inaccurate-wage-statement claim; at least $2,700.00 for the untimely wage claim; at least $2,700.00 for the inadequate-seating claim; and approximately $80,000.00 for attorneys' fees.  In sum, the total amount in controversy for Martinez's individual claims is at least $92,994.92.  For the foregoing reasons, it is more likely than not that the amount in controversy exceeds $75,000.

**IV.  REMOVAL TO THE CENTRAL DISTRICT OF CALIFORNIA IS PROPER**

27.    This Notice of Removal is filed within thirty days of September 29, 2011, when Plaintiff served the summons and complaint in the State Court Action on Wireless Lifestyle.  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

28.   The United States District Court for the Central District of California, Eastern Division, embraces the county and court in which Plaintiff filed this case. 28 U.S.C. § 84(c)(1). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

29.   Wireless Lifestyle has attached all the pleadings, process, and orders filed in the record of the State Court Action as Exhibits A and B, as required by 28 U.S.C. § 1446(a).

30.   Wireless Lifestyle will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of San Bernardino, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Wireless Lifestyle respectfully requests that this proceeding, entitled *Teausha Coleman, on behalf of herself and all others similarly situated, and on behalf of the general public, v. Wireless Lifestyle, Inc., a Kansas Corporation, and Does 1 through 50*, Case No. CIVDS 1111241, now pending in the Superior Court of the State of California, County of San Bernardino, be removed to this Court.

Dated: October 31, 2011                    SNR DENTON US LLP


By _____
        MARIE LEGGON WRIGHTEN

        Attorneys for Defendant
        WIRELESS LIFESTYLE, INC.

21479381

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

–10–

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** WIRELESS LIFESTYLE, INC., a
**(AVISO AL DEMANDADO):** Kansas corporation, and DOES 1
through 50, inclusive,

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>F I L E D<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 26 2011<br><br>By _____ Deputy</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:** TEAUSHA COLEMAN, on
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** behalf of herself
and all others similarly situated, and on behalf of
the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso):<br>**CIVDS 1111241** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel F. Gaines, Esq. SBN 251488        (818) 703-8985  (818) 703-8984
Alex P. Katofsky, Esq. SBN 202754
GAINES & GAINES, APLC
Woodland Hills, CA 91367

DATE:
(Fecha) **SEP 26 2011**        Clerk, by **SHANNON PRATT** _____, Deputy
                               (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): *WIRELESS LIFESTYLE, INC., A KANSAS CORPORATION*

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A
Page 11

1 | KENNETH S. GAINES, ESQ. SBN 049045
2 | DANIEL F. GAINES, ESQ. SBN 251488
  | ALEX P. KATOFSKY, ESQ. SBN 202754
  | **GAINES & GAINES, APLC**
3 | 21550 Oxnard Street, Suite 980
  | Woodland Hills, CA 91367
4 | Telephone: (818) 703-8985
  | Facsimile:  (818) 703-8984
5 |
  | SCOTT A. MILLER, ESQ.  SBN 230322
6 | BONNIE FONG, ESQ. SBN 262739
  | **LAW OFFICES OF SCOTT A. MILLER, APC**
7 | 16133 Ventura Blvd., Suite 645
  | Encino, CA 91436
8 | Telephone: (818) 788-8081
  | Facsimile:  (818) 788-8080
9 |
  | Attorneys for Plaintiff Teausha Coleman, on behalf of herself and all others similarly situated, and
10 | on behalf of the general public

```
                    F I L E D
                  SUPERIOR COURT
          COUNTY OF SAN BERNARDINO
           SAN BERNARDINO DISTRICT

                  SEP 26 2011

          By _____
                                 Deputy
```

11 |              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 |                **FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| 13 TEAUSHA COLEMAN, on behalf of herself and all others similarly situated, and on behalf | CASE NO: **CIVDS 1111241** |
| 14 of the general public, | *Assigned to the Hon.* |
| 15      Plaintiffs, | *Department* |
| 16   v. | **CLASS ACTION COMPLAINT FOR:** |
| 17 WIRELESS LIFESTYLE, INC., a Kansas corporation, and DOES 1 through 50, inclusive, | **1. FAILURE TO PAY WAGES (LABOR CODE §§ 510, 1194, IWC WAGE ORDER 7)** |
| 18      Defendants. | |
| 19 | **2. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))** |
| 20 | |
| 21 | **3. FAILURE TO TIMELY PAY WAGES (LABOR CODE § 204)** |
| 22 | |
| 23 | **4. VIOLATION OF LABOR CODE § 1198 FOR FAILURE TO PROVIDE ADEQUATE SEATS TO EMPLOYEES (IWC WAGE ORDER 7-2001, SECTION 14)** |
| 24 | |
| 25 | |
| 26 | **5. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** |
| 27 | |
| 28 | **DEMAND FOR JURY TRIAL** |

-1-

---

**CLASS ACTION COMPLAINT**

Exhibit A

Page 12

1     Plaintiff TEAUSHA COLEMAN, on behalf of herself and all others similarly situated (the

2  "Class" or "Plaintiff Class") and on behalf of the general public, complains of Defendants, and each

3  of them, as follows:

## I.

## **INTRODUCTION**

6     1.     This is a Class Action, pursuant to *Code of Civil Procedure* § 382, on behalf of

7  Plaintiff and certain individuals who are employed by, or were formerly employed by, WIRELESS

8  LIFESTYLE, INC., and any subsidiaries or affiliated companies (hereinafter collectively referred

9  to as "Wireless Lifestyle" or "Defendants") within the State of California.

10     2.     For at least four (4) years prior to the filing of this action and continuing to the

11  present (the "liability period"), Defendants have had a consistent policy of failing to pay wages,

12  including the minimum wage and overtime at premium rates, and failing to provide adequate seats

13  to their employees.

14     3.     Plaintiff, on behalf of herself and all proposed Plaintiff Class members, brings this

15  action pursuant to *Labor Code* §§ 204, 226, 510, 1194, and 1198 seeking compensation for all

16  unpaid hours worked, and penalties, injunctive and other equitable relief, and reasonable attorneys'

17  fees and costs.

18     4.     Plaintiff, on behalf of herself and all proposed Plaintiff Class members, pursuant to

19  *Business & Professions Code* §§ 17200-17208, also seeks injunctive relief, restitution, and

20  disgorgement of all benefits Defendants enjoyed from their failure to provide full compensation,

21  and for their failure to timely pay wages and for their failure to provide adequate seats to their

22  employees.

23     5.     Venue as to each Defendant is proper in this judicial district, pursuant to *Code of*

24  *Civil Procedure* § 395.  Defendants operate within California and do business in San Bernardino

25  County.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly

26  situated within the State of California and the County of San Bernardino.

27

28                                              -2-

---

**CLASS ACTION COMPLAINT**

Exhibit A
Page 13

1                                    **II.**

2                                 **PARTIES**

3  **A.    Plaintiff**

4         6.      Plaintiff Teausha Coleman is a resident of San Bernardino County, California.  At

5  all times relevant herein, she was employed by Defendants as a "retail store manager" and/or

6  "retail sales associate" in Rialto, California.

7         7.      Plaintiff Teausha Coleman was required to:

8                 a.      Work for less than the minimum wage and receive less than the lawfully

9                         required minimum premium overtime compensation during the course of

10                        her employment; and

11                b.      Work without being provided adequate seating during work hours as

12                        required by ICW Wage Order 7-2001, Section 14, in violation of *Labor*

13                        *Code* 1198.

14        8.      Defendants willfully or negligently failed to pay Plaintiff and members of the

15 Plaintiff Class in a timely manner all compensation due and owing throughout the course of their

16 employment.

17 **B.    Defendants**

18        9.      Defendant WIRELESS LIFESTYLE, INC. is a Kansas corporation doing business

19 in the State of California, County of San Bernardino.  They operate within the State of California.

20 Defendants employed Plaintiff and similarly situated employees within California.

21        10.     The true names and capacities, whether individual, corporate, associate, or

22 otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to

23 Plaintiff, who therefore sues Defendants by such fictitious names under *Code of Civil Procedure* §

24 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

25 designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

26 herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

27 capacities of the Defendants designated hereinafter as DOES when such identities become known.

28                                       -3-

---

Exhibit A

Page 14

11.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

### III.

### FACTUAL BACKGROUND

12.     Defendants hire individuals as "retail sales managers" and "retail sales associates" to perform sales-related work at Wireless Lifestyle retail store locations in California.

13.     Defendants willfully failed to pay all wages to its employees and failed to pay such wages when due throughout the course of their employment.

14.     Defendants issued Plaintiff and class members wage statements which were inaccurate and failed to comply with the requirements of *Labor Code* § 226(a).

15.     At all relevant times, Defendants failed to provide Plaintiff and the members of the proposed "Labor Code § 1198 Class" adequate seats in violation of ICW Wage Order 7-2001, Section 14.

16.     Plaintiff and the proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 7-2001.

### IV.

### CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the *Code of Civil Procedure*.

### (CLASS I - THE COMMISSIONED SALES EMPLOYEE CLASS)

18.     Plaintiff seeks to represent a class composed of and defined as follows:  "All persons who are or were employed by Defendants as commissioned sales employees with the job title of "retail store manager" and "retail sales associate" in the State of California from the date at least four (4) years preceding the filing of this Complaint."

-4-

Exhibit A
Page 15

1    **(CLASS II - THE LABOR CODE § 1198 CLASS)**

2        19.    Plaintiff seeks to represent a class composed of and defined as follows: "All

3    persons who are or were employed by Defendants at a retail store in the State of California from

4    the date at least one (1) year preceding the filing of this Complaint."

5        20.    Plaintiff reserves the right under Rule 3.765, *California Rules of Court*, to amend or

6    modify the class descriptions with greater specificity or further division into subclasses or

7    limitation to particular issues.

8        21.    This action has been brought and may properly be maintained as a class action

9    under the provisions of § 382 of the *Code of Civil Procedure* because there is a well-defined

10   community of interest in the litigation and the proposed Class is easily ascertainable.

11   **A.    Numerosity**

12       22.    The potential members of the proposed Classes as defined are so numerous that

13   joinder of all the members of the proposed Classes is impracticable.  While the precise number of

14   proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and

15   believes that Defendants currently employ over fifty commissioned sales employees in the State of

16   California.

17       23.    Accounting for employee turnover during the relevant periods necessarily increases

18   this number substantially.  Plaintiff alleges Defendants' employment records would provide

19   information as to the number and location of all proposed Plaintiff Class members.  Joinder of all

20   members of the proposed Class is not practicable.

21   **B.    Commonality**

22       24.    There are questions of law and fact common to members of the proposed Classes

23   that predominate over any questions affecting only individual class members.  These common

24   questions of law and fact include, without limitation:

25                a.    Whether Defendants failed to pay wages as required by the *Labor Code* and

26                      Wage Orders;

27                b.    Whether Defendants fail to timely compensate members of the Plaintiff

28                                                -5-

---

**CLASS ACTION COMPLAINT**

1    Class with all wages pursuant to *Labor Code* § 204;

2    c.    Whether Defendants employed a policy at their retail stores of denying

3          suitable seating to their employees, in violation of *Labor Code* § 1198 and

4          IWC Wage Order 7-2001, Section 14;

5    d.    Whether Defendants violated § 17200 *et seq.* of the *Business & Professions*

6          *Code* by failing to pay wages to commissioned sales employees; and

7    e.    Whether Plaintiff and the members of the proposed Class are entitled to

8          equitable relief pursuant to *Business & Professions Code* §17200, et. seq.

**C.    Typicality**

25.    The claims of the named Plaintiff are typical of the claims of the proposed Classes.
Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and
caused by Defendants' common course of conduct in violation of laws, regulations that have the
force and effect of law, and statutes as alleged herein.

**D.    Adequacy of Representation**

26.    Plaintiff will fairly and adequately represent and protect the interests of the
members of the proposed Classes.  Counsel who represents Plaintiff is competent and experienced
in litigating large employment class actions.

**E.    Superiority of Class Action**

27.    A class action is superior to other available means for the fair and efficient
adjudication of this controversy.  Individual joinder of all proposed Plaintiff Class members is not
practicable, and questions of law and fact common to the proposed Classes predominate over any
questions affecting only individual members of the proposed Classes.  Each member of the
proposed Classes has been damaged and is entitled to recovery by reason of Defendants illegal
policy and/or practice of failing to compensate class members at the legal rates, failing to
accurately itemize wage statements, failing to timely pay wages, and Defendant's illegal policy
and/or practice of failing to provide adequate seats to their employees .

28.    Class action treatment will allow those similarly situated persons to litigate their

-6-

**CLASS ACTION COMPLAINT**

Exhibit A

Page 17

1  claims in the manner that is most efficient and economical for the parties and the judicial system.

2  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

3  action that would preclude its maintenance as a class action.

4  **V.**

5  **CAUSES OF ACTION**

6  **FIRST CAUSE OF ACTION**

7  **(PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS)**

8  **FAILURE TO PAY WAGES (LABOR CODE §§ 510, 1194)**

9  29.  Plaintiff incorporates paragraphs 1 through 28 of this Complaint as though fully set

10  forth herein.

11  30.  During the liability period, Defendants have had a consistent policy of failing to pay

12  wages to Plaintiff and members of the Plaintiff Class in violation of California state wage and

13  hours laws by requiring employees to, among other Labor Code violations, work for less than the

14  minimum wage and denying them less than one and one-half times their regular rate of pay for all

15  overtime hours worked.

16  31.  During the liability period, Defendants failed to pay Plaintiff and members of the

17  Plaintiff Class the minimum wage and the minimum required premium overtime compensation.

18  Defendants willfully violated the provisions of *Labor Code* §§ 510 and 1194.

19  32.  As a result of the unlawful acts of Defendants in failing to pay all hourly wages,

20  Plaintiff and members of the Plaintiff Class have been deprived of wages and/or overtime in

21  amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus

22  interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* § 1194.

23  Wherefore, Plaintiff and the Class she seeks to represent requests relief as described below.

24  \\

25  \\

26  \\

27  \\

28

-7-

**CLASS ACTION COMPLAINT**

# VI.

## SECOND CAUSE OF ACTION

### (PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS)

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

### EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))

33.     Plaintiff incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     Section 226(a) of the *California Labor Code* requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class.  Defendants have knowingly and intentionally failed to comply with *Labor Code* § 226(a) by failing to report proper compensation.  Plaintiff and Class Plaintiffs have been injured by Defendants' failure to comply with *Labor Code* § 226(a).

35.     IWC Wage Order 7-2001(7), requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, and total daily hours worked in itemized wage statements, show all deductions from payment of wages, and accurately set forth total wages earned by Plaintiff and the members of the proposed Class.  Defendants have failed to comply with the Wage Orders.

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

# VII.

## THIRD CAUSE OF ACTION

### (PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS)

### FAILURE TO TIMELY PAY WAGES (LABOR CODE § 204)

36.     Plaintiff incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     *California Labor Code* § 204 requires Defendants to pay Plaintiff and members of the proposed Class all wages twice during each calendar month, on days designated in advance by Defendants as regular paydays.

-8-

Exhibit H
Page 19

38.     Defendants failed to pay Plaintiff and members of the proposed Class in accordance with *Labor Code* § 204 because they failed to pay all wages twice during each calendar month, on days designated in advance by Defendants as regular paydays.

39.     As a proximate result of Defendants' violations of *Labor Code* § 204, Plaintiff and members of the Class have been damaged in an amount according to proof at the time of trial.

Wherefore, Plaintiff and the Class she seeks to represent requests relief as described below.

## VIII.

## FOURTH CAUSE OF ACTION

## (PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS)

## VIOLATION OF LABOR CODE § 1198 FOR FAILURE TO PROVIDE ADEQUATE

## SEATS TO EMPLOYEES (IWC WAGE ORDER 7-2001, SECTION 14)

40.     Plaintiff incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Defendants failed to provide suitable seats to its current and former employees in its California retail stores, although the use of seats could be reasonably permitted based on the nature of the work performed.  In fact, retail employees are not permitted to sit down during the course of their employment at all, and no seats are provided anywhere on the floor of Defendants' California retail stores.  This practice violates California *Labor Code* § 1198 and Wage Order 7-2001, § 14, which provides as follows: " (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

42.     *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  By failing to provide Plaintiff and the members of Class I with adequate seats, in violation of IWC Wage Order 7-2001, Section 14,

-9-

CLASS ACTION COMPLAINT

Exhibit A

Page 20

1  Defendants violated *Labor Code* § 1198.

2      Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

3  IX.

4  **FIFTH CAUSE OF ACTION**

5  **(PLAINTIFF, CLASS I, AND CLASS II AGAINST ALL DEFENDANTS)**

6  **UNFAIR COMPETITION PURSUANT TO**

7  **BUSINESS & PROFESSIONS CODE § 17200**

8      43.    Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set

9  forth herein.

10      44.    This is a Representative Private Attorney General Action and Class Action for

11  Unfair Business Practices.  Plaintiff Teausha Coleman, on her own behalf and on behalf of the

12  general public, and on behalf of others similarly situated, brings this claim pursuant to *Business &*

13  *Professions Code* § 17200, et seq.  The conduct of all Defendants as alleged in this Complaint has

14  been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the

15  proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the

16  meaning of *Code of Civil Procedure* § 1021.5.

17      45.    Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204,

18  and therefore has standing to bring this cause of action for injunctive relief, restitution, and other

19  appropriate equitable relief.

20      46.    *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business

21  practices.

22      47.    Wage and hour laws express fundamental public policies.  Providing employees

23  with wages and overtime, providing employees with timely payment of wages, and providing

24  employees with adequate seats are fundamental public policies of this State and of the United

25  States. *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously

26  minimum labor standards, to ensure that employees are not required or permitted to work under

27  substandard and unlawful conditions, and to protect law-abiding employers and their employees

28  -10-

Exhibit A
Page 21

1   from competitors who lower their costs by failing to comply with minimum labor standards.

2        48.    Defendants have violated statutes and public policies. Through the conduct alleged

3   in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have

4   violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair

5   business practices in violation of *Business & Professions Code* § 17200, *et seq.* depriving Plaintiff,

6   and all persons similarly situated, and all interested persons of rights, benefits, and privileges

7   guaranteed to all employees under law.

8        49.    Defendants' conduct, as alleged herein, constitutes unfair competition in violation

9   of §17200 et. seq. of the *Business & Professions Code.*

10        50.    Defendants, by engaging in the conduct herein alleged, by not providing all wages

11   and proper overtime compensation, by failing to timely pay employees, and by not providing

12   suitable seats to their employees, knew or in the exercise of reasonable care should have known

13   that the conduct was unlawful.  As such, it is a violation of § 17200 et. seq. of *the Business &*

14   *Professions Code.*

15        51.    As a proximate result of the above mentioned acts of Defendants, Plaintiff and

16   others similarly situated have been damaged in a sum as may be proven.

17        52.    Unless restrained by this Court, Defendants will continue to engage in the unlawful

18   conduct as alleged above.  Pursuant to *Business & Professions Code*, this Court should make such

19   orders or judgments, including the appointment of a receiver, as may be necessary to prevent the

20   use or employment, by Defendants, their agents, or employees, of any unlawful or deceptive

21   practice prohibited by the *Business & Professions Code*, and/or, including but not limited to,

22   disgorgement of profits which may be necessary to restore Plaintiff and the proposed Plaintiff

23   Class members to the money Defendants have unlawfully failed to pay.

24   **RELIEF REQUESTED**

25       WHEREFORE, Plaintiff prays for the following relief:

26        1.    For compensatory damages in the amount of all hours worked but unpaid at the

27   minimum lawful wage or premium overtime rates to Plaintiff and each other member of Class I

28   -11-

**CLASS ACTION COMPLAINT**

Exhibit A
Page 22

1  from at least four (4) years prior to the filing of this action to the present as may be proven;

2      2.      For penalties pursuant to *Labor Code* 226(e) for Plaintiff and all Class II members

3  provided with inaccurately itemized wage statements;

4      3.      An award of prejudgment and post-judgment interest;

5      4.      An order enjoining Defendants and their agents, servants, and employees, and all

6  persons acting under, in concert with, or for it from failing to provide Plaintiff and members of

7  Class I with proper compensation, including overtime compensation at premium rates, from failing

8  to timely pay wages to members of Class I, from failing to issue accurately itemized wage

9  statements to Plaintiff and members of Class I, and from failing to provide Plaintiff and proposed

10  Class II members with suitable seating.

11      5.      For restitution for unfair competition pursuant to *Business & Professions Code* §

12  17200 in an amount as may be proven;

13      6.      An award providing for payment of costs of suit;

14      7.      An award of attorneys' fees; and

15      8.      Such other and further relief as this Court may deem just and proper.

16  <u>**DEMAND FOR JURY TRIAL**</u>

17      Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

18  DATED: September 22, 2011              Respectfully submitted,

19

20      GAINES & GAINES
        A Professional Law Corporation

21

22  By: _____
        DANIEL F. GAINES

23      ALEX P. KATOFSKY
        Attorney for Plaintiff

24

25

26

27

28                      -12-

**CLASS ACTION COMPLAINT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

TEAUSHA COLEMAN, on behalf of herself and all
others similarly situated, and on behalf of the general
public,

Case No. CIVDS 1111241

Plaintiffs,
vs.

**CERTIFICATE OF ASSIGNMENT**

WIRELESS LIFESTYLE, INC., a Kansas corporation,
and DOES 1 through 50, inclusive,
Defendants.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence
of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the    **Central**
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other  Employment Law | The injury occurred within the district. |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case
for filing in the above-designated district is:

Wireless Lifestyle, Inc.                    1270 West Foothill Boulevard

(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS

Rialto                    California                    92376

(CITY)                    (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

September 22, 2011                    at    Woodland Hills                    , California

DANIEL F. GAINES, ESQ.
Attorney for Plaintiff

Signature of Attorney/Party

13-16503-368 Rev. 10/94                    SB-16503

Exhibit A
Page 24

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. SBN 251488<br>Alex P. Katofsky, Esq. SBN 202754<br>**GAINES & GAINES, APLC**<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO: (818) 703-8985   FAX NO: (818) 703-8984<br>ATTORNEY FOR *(Name):* Plaintiff Teausha Coleman | **FILED**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 26 2011<br><br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: Central District

CASE NAME: Coleman v. Wireless Lifestyle, Inc.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIVDS 1111241<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 5

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 23, 2011

Daniel F. Gaines, Esq. SBN 251488 _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Exhibit ___
Page 25

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1111241

http://www.sbcounty.gov/courts

IN RE: COLEMAN -V- WIRELESS LIFESTYLE

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO DAVID  COHN IN DEPARTMENT S35 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
12/30/11 at  8:30 in Department S35. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 03/23/12 at  8:30
in Department S35.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Stephen H. Nash, Clerk of the Court
Date: 09/26/11                                   By: SHANNON PRATT
----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 09/26/11
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/26/11 at San Bernardino, CA  By: SHANNON PRATT

Exhibit  A
Page  26



Presented by the
Judicial Council of California
And the
State Bar of California

Exhibit _H_
Page _27_

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR).  The most common forms of ADR are mediation, arbitration, and case evaluation.  There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves.  These persons are called neutrals.  For example, in mediation, the neutral is the mediator.  Neutrals normally are chosen by the disputing parties or by the court.  Neutrals can help parties resolve disputes without having to go to court.

ADR is not new.  ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.**  Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.**  The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.**  The parties can choose the ADR process that is best for them.  For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.**  This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.**  There are fewer, if any, court appearances.  And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.  The parties don't have a lawsuit hanging over their heads for years.



Exhibit A
Page 28

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Exhibit A
Page 29

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Revised 07/14/10

Exhibit A
Page 30

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-5-


Exhibit A
Page 31

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors**: Please contact the Jury Services Office at (909) 387-6244.

**Others**: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees**: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

## Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm



Exhibit H
Page 32

Superior Court of California
County of San Bernardino



## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court (Building E)
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

Exhibit A
Page 22

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
09/29/2011
CT Log Number 519235642

| TO: | Igor Kushnir<br>Pasha Distribution Corporation<br>7864 Barton St<br>Lenexa, KS 66214 |
|---|---|

**RE:**  **Process Served in California**

**FOR:**  Wireless Lifestyle, Inc. (Domestic State: KS)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Teausha Coleman, on behalf of herself and all others similarly situated, and on behalf of the general public, Pltf. vs. Wireless Lifestyle, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate(s), Cover Sheet, Notice of Initial Case Management Conference, Attachment(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA<br>Case # CIVDS1111241 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2011 at 14:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 12/30/11 at 8:30 a.m. - Order to show cause // 3/23/2012 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Daniel F. Gaines<br>Gaines & Gaines, APLC<br>21550 Oxnard Street<br>Suite 980<br>Woodland Hills, CA 91367<br>818-703-8985 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 795252458443 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / RH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit _B_
Page _34_

# EXHIBIT C

1   ANDREA M. KIMBALL (State Bar No. 196485)
    SNR DENTON US LLP
2   4520 Main Street, Suite 1100
    Kansas City, Missouri 64111-7700
3   Telephone: (816) 460-2400
    Facsimile:  (816) 531-7545
4   Email:      andrea.kimball@snrdenton.com

5   MARIE LEGGON WRIGHTEN (State Bar No. 167221)
    VIRGINIA K. YOUNG (State Bar No. 174384)
6   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
7   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
8   Facsimile:  (213) 623-9924
    Email:      marie.wrighten@snrdenton.com
9               virginia.young@snrdenton.com

10  Attorneys for Defendant
    WIRELESS LIFESTYLE,
11  INC.

12

13                  IN THE UNITED STATES DISTRICT COURT

14              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                           EASTERN DIVISION

16

17  TEAUSHA COLEMAN, on behalf of      No.
    herself and all others similarly
18  situated, and on behalf of the general   DECLARATION OF KIMBERLY
    public,                            RAWLINGS IN SUPPORT OF
19                                     DEFENDANT WIRELESS
                    Plaintiff,         LIFESTYLE, INC.'S NOTICE OF
20                                     REMOVAL
            vs.
21
    WIRELESS LIFESTYLE, INC., a
22  Kansas Corporation, and DOES 1
    through 50, inclusive,
23
                    Defendant.
24

25

26

27

28

                                    -1-

Exhibit _C_              RAWLINGS DECL. IN
Page _35_                SUPPORT OF REMOVAL

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

I, Kimberly Rawlings, declare as follows:

1.    I am employed by Wireless Lifestyle, Inc. ("Wireless Lifestyle"). As Human Resources Director for Wireless Lifestyle, I have personal knowledge of the facts set forth below, and if called as a witness, could and would completely testify thereto.

2.    Following service of the complaint in the action *Teausha Coleman, on behalf of herself and all others similarly situated, and on behalf of the general public, v. Wireless Lifestyle, Inc., a Kansas Corporation, and Does 1 through 50*, Case No. CIVDS 1111241 (the "State Court Action"), Wireless Lifestyle compiled information from its personnel records regarding the number of employees who worked for Wireless Lifestyle in California from September 26, 2007 to the present. The electronic data that was used to compile this information is entered and stored on Wireless Lifestyle's computer systems in the ordinary course and scope of Wireless Lifestyle's business. Wireless Lifestyle completed compiling this information on or around October 21, 2011.

3.    Based on Wireless Lifestyle's electronic personnel records, Wireless Lifestyle has conducted business in the state of California for over 18 months. During that time, Wireless Lifestyle has employed over four hundred (400) people in the State of California.

4.    Based on Wireless Lifestyle's electronic personnel records, Plaintiff Teausha Coleman began her employment with Wireless Lifestyle in California on March 17, 2011. Coleman is currently employed by Wireless Lifestyle, but she has been on unpaid leave since September 16, 2011. Wireless Lifestyle's records reflect that between March 17, 2011, and September 16, 2011, Plaintiff's regular salary was $1,261.54 per two-week pay period, averaging approximately $15.77 per hour. Plaintiff also earned monthly sales commissions in addition to her salary, ranging from $32.50 per month to $1,480.49 per month.

Exhibit *C*
Page 36

RAWLINGS DECL. IN
SUPPORT OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury and the laws of the United States and the states of Kansas and California that the foregoing is true and correct.  Executed on October 28, 2011, at Lenexa, Kansas.

_Kimberly Rawlings_

Kimberly Rawlings

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-3-

Exhibit _C_

Page _37_

RAWLINGS DECL. IN
SUPPORT OF REMOVAL

OCT-31-2011 16:43 From:USA LEGAL INC        9517845099           To:12136079010           P.2/12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1727 VAP (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

OCT-31-2011 16:44 From:USA LEGAL INC        9517845099        To:12136079010        P.10/12

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TEAUSHA COLEMAN, on behalf of herself and all others similarly situated, and on behalf of the general public

**DEFENDANTS**
WIRELESS LIFESTYLE, INC., a Kansas Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Daniel F. Gaines, Esq. (SBN 251448)
Alex P. Katofsky, Esq. (SBN 202754)
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Tel: (818) 703-8985

Attorneys (If Known)  Andrea M. Kimball (SBN 196485)
Marie Leggon Wrighten (SBN 167221)
SNR DENTON US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: (213) 623-9300; Tel: (816) 460-400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity )
CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

[Nature of suit checkbox grid — ☒ 790 Other Labor Litigation checked]

FOR OFFICE USE ONLY:  Case Number:  ED CV 11 - 01727 VAP

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Johnson County (Lenexa, KS) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Marie Leggon Wrighten_    Date October 28, 2011
                                         MARIE LEGGON WRIGHTEN

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com